# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ASHFAQ HUSSAIN SYED, SHELLY RENEE BRANCH, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed, *Plaintiffs*, v. FRONTIER AIRLINES, INC., *Defendant*. | Case No.: Civil Action No. 19SL-CC02229 (Removal from: St. Louis County Circuit Court, Missouri |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant FRONTIER AIRLINES, INC. ("Frontier") hereby removes the above-captioned civil action in its entirety from the 21st Judicial Circuit Court, St. Louis County, Missouri, Case No. 19SL-CC02229, to the United States District Court for the Eastern District of Missouri, Eastern Division. In support of its Notice of Removal, which is based on diversity jurisdiction, Frontier states:

1. This civil action arises from an incident that occurred on July 15, 2018 during the boarding of Frontier Flight 87 from St. Louis, Missouri to Las Vegas, Nevada at St. Louis Lambert International Airport. On May 30, 2019, Plaintiffs Ashfaq Hussain Syed ("Syed"), Shelly Renee Branch ("Branch"), A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs"), filed a six-count Complaint in the 21st Judicial Circuit Court, St. Louis County, Missouri against Frontier alleging negligence,

negligence *per se*, intentional tort, false imprisonment, and breach of contract claims. *See* Plaintiffs' Complaint attached as Exhibit A.

2. In their Complaint, Plaintiffs allege they were improperly removed from the aircraft and locked in the jetbridge. (Exhibit A, ¶¶ 81, 86-89.) Plaintiffs allege that Frontier was negligent in failing to transport them (Count I), negligent *per se* in violating the TICKETS Act of 2018, Pub. L. No. 115-254, 132 Stat. 3186 (Count II), negligent in the manner in which it removed Plaintiffs from the aircraft (Count III), committed an intentional tort when it intentionally removed Plaintiffs from the aircraft (Count IV), falsely imprisoned Plaintiffs in the jetbridge (Count V), and breached its contractual duty to transport Plaintiffs (Count VI). *Id.* at ¶¶ 139-189.

3. On June 13, 2019, Frontier was served with Summons in Civil Case and Plaintiff's Complaint. (Summons in Civil Case attached as Exhibit B; Exhibit A.) Plaintiffs' Complaint does not state whether Plaintiffs seek to recover in excess of $75,000, exclusive of interest and costs. (Exhibit A.) Thus, the initial pleading was not removable.

4. On June 24, 2019, the parties executed a Stipulation regarding the damages actually sought by Plaintiffs for the injuries alleged in their Complaint exceeding the sum or value of $75,000, exclusive of interest and costs. (Stipulation attached as Exhibit C.) This Stipulation is specific evidence which serves to clarify Plaintiffs' demands. *See Hollis v. Roadrunner Transp. Servs., Inc.*, No. 4:12-CV-394 CAS, 2012 U.S. Dist. LEXIS 125568, at *4 (E.D. Mo. Sept. 5, 2012); *Berry v. Renaissance Hotel Mgmt., LLC*, No. 4:09-CV-1261 CAS, 2011 U.S. Dist. LEXIS 39945, at *5 (E.D. Mo. Apr. 12, 2011). This Notice of Removal is timely filed within the 30-day time limit prescribed by 28 U.S.C. § 1446(b)(3).

5. 28 U.S.C. § 1441(a) authorizes removal of any civil action brought in a State court of which the district courts of the United States have original jurisdiction. Original jurisdiction exists pursuant to 28 U.S.C. § 1332 where there is a civil action in which the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different States.

6. Here, there is complete diversity of citizenship between Plaintiffs and Frontier under 28 U.S.C. § 1332(a)(1). All Plaintiffs are individuals and are citizens of Missouri. (Exhibit A, ¶¶ 2-5.) For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Frontier is incorporated in Colorado and has its principal place of business in Denver, Colorado. Since Plaintiffs and Frontier are citizens of different states, there is complete diversity among the parties.

7. Plaintiffs have stipulated that they seek in excess of $75,000, exclusive of interest and costs, in this lawsuit. (Exhibit C.)

8. Further, Plaintiffs' Complaint includes a section titled "Damages" which claims that as a result of the alleged incident, Plaintiffs did not receive the benefit of their contract, Syed and Branch have not yet married, Plaintiffs lost the benefits associated with their trip, Syed and Branch have suffered "garden variety emotional damages," and all Plaintiffs suffered fear, loss of liberty, uncomfortable conditions, humiliation, indignity, disgrace, stress, embarrassment, and mental suffering while locked in the jetbridge. (Exhibit A ¶¶ 129-133.)

9. Plaintiffs also seek punitive damages for their negligence, negligence *per se*, intentional tort, and false imprisonment claims. (Exhibit A, ¶¶ 134-136.) "Punitive damages are

included in determining the amount in controversy." *Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992).

10. The United States District Court for the Eastern District of Missouri, Eastern Division is the federal court embracing the 21st Judicial Circuit Court, St. Louis County, Missouri where the original action was filed. Thus, venue and removal to this Court are proper under 28 U.S.C. § 1441(a).

11. Pursuant to 28 U.S.C. § 1446(a), Frontier has attached copies of all process and pleadings served upon it in the State court record. (Exhibits A, B; Plaintiffs' Motion for Cause to be Litigated in the Pre-Trial Public Record with Children Identified through Initials Only attached as Exhibit D; Plaintiffs' Motion for Order to Clerk to Correct Error in Plaintiff Syed's Name in Case Caption attached as Exhibit E; Plaintiffs' Petition for Appointment as Next Friend attached as Exhibit F; Plaintiffs' Applications for Admission *Pro Hac Vice* attached as Exhibit G; June 26, 2019 Order granting Plaintiffs' motions attached as Exhibit H.)

12. Pursuant to 28 U.S.C. § 1446(d), Frontier will promptly serve a copy of this Notice of Removal on Plaintiffs and will promptly file a Notice of Filing of this Notice of Removal with the Clerk of the 21st Judicial Circuit Court, St. Louis County, Missouri.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. hereby removes this civil action in its entirety from the 21st Judicial Circuit Court, St. Louis County, Missouri, Case No. 19SL-CC02229, to the United States District Court for the Eastern District of Missouri, Eastern Division.

Date: July 23, 2019

Respectfully submitted,

**FRONTIER AIRLINES, INC.**

By: */s/ David C. Berwin*
David C. Berwin Bar No. 55046
Evans & Dixon, LLC
Attorney for Defendant
211 North Broadway Ste. 2500
St. Louis, MO 63102
(314) 552-4046
F: (314) 884-4446
dberwin@evans-dixon.com

**CERTIFICATE OF SERVICE**

I certify that on July 23, 2019, I caused the foregoing to be electronically filed with the United States District Court for the Eastern District of Missouri using the CM/ECF system and further certify that I caused a true and correct copy of this document to be served on the party identified below by depositing the same in a properly addressed envelope with proper postage prepaid in the U.S. Mail and electronic mail to:

W. Bevis Schock
7777 Bonhomme Avenue, Suite 1300
St. Louis, Missouri 63105
wbschock@schocklaw.com
**ATTORNEY FOR PLAINTIFFS**

/s/ David C. Berwin