

**Your Missouri Courts**

ase.net

Search for Cases by: Select Search Method...

Judicial Links   |   eFiling   |   Help   |   Contact Us   |   Print          GrantedPublicAccess **Logoff DBERWINEVANS**

**19SL-CC02229 - ASHFAQ HUSSAIN SYED ET AL V FRONTIER AIR LINES, IN (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**                    Sort Date Entries: ◉ Descending   Display Options:
**Click here to Respond to Selected Documents**                ○ Ascending          All Entries

---

**07/08/2019**  ☐ **Order**

application for William T Woodrow pro hac vice granted.SO ORDERED: JUDGE JOSEPH L. WALSH III

☐ **Motion Granted/Sustained**

Plaintiff's Motion for cause to be litigated with children identified through initials and under seal..SO ORDERED: JUDGE JOSEPH L. WALSH III

**Associated Entries: 06/20/2019 - Motion Filed** ⊞

☐ **Order**

order admitting of Thatcher A Stone for Pro Hac Vice.SO ORDERED: JUDGE JOSEPH L. WALSH III

**07/03/2019**  ☐ **Order**

PETITION FOR APPOINTMENT AS NEXT FRIEND.SO ORDERED: JUDGE JOSEPH L. WALSH III

**06/26/2019**  ☐ **Order**

The court being advised that Defendant consents the court hereby grants the following motions per order filed.SO ORDERED: JUDGE JOSEPH L. WALSH III

☐ **Agent Served**

Document ID - 19-SMCC-4976; Served To - FRONTIER AIR LINES, INC.; Server - ; Served Date - 13-JUN-19; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served

**06/20/2019**  ☐ **Order**

Order to Correrct error in Plaintiff Syed's Name in Case Caption.SO ORDERED: JUDGE JOSEPH L. WALSH III

☐ **Motion Filed**

Plaintiffs Motion for Cause to be Litigated with Childred Identified Through Initials Only.

**Filed By:** W BEVIS SCHOCK

**On Behalf Of:** ASHFAQ HUSSAIN SYED, SHELLY RENEE BRANCH, A. M. S., N. G. S.

**Associated Entries: 07/08/2019 - Motion Granted/Sustained** ⊞

☐ **Application Filed**

Application for Admission of Thatcher A Stone for Plaintiffs Pro Hac Vice; Affidavit of Thatcher A Stone; Receipt of Pro Hac Vice Fee.

**Filed By:** W BEVIS SCHOCK

**On Behalf Of:** ASHFAQ HUSSAIN SYED, SHELLY RENEE BRANCH, A. M. S., N. G. S.

☐ **Application Filed**

Application for Admission of William T Woodrow for Plaintiffs Pro Hac Vice; Affidavit of William T Woodrow; Receipt of Pro Hac Vice Fee.

**Filed By:** W BEVIS SCHOCK

☐ **Notice**

Plaintiffs Notice of Filing Pro Hac Vice Fee to Missouri Supreme Court; Receipt from Supreme Court.

**Filed By:** W BEVIS SCHOCK

☐ **Petition:**

Petition for Appointment as Next Friend.

**Filed By:** W BEVIS SCHOCK

**On Behalf Of:** ASHFAQ HUSSAIN SYED, SHELLY RENEE BRANCH, A. M. S.

| | |
|---|---|
| 06/11/2019 | ☐ **Motion Filed** |
| | Plaintiffs Motion for Order to Clerk to Correct Error in Plaintiff Syeds Name in Case Caption. |
| | **Filed By:** W BEVIS SCHOCK |
| | **On Behalf Of:** ASHFAQ HUSSAIN SYED, SHELLY RENEE BRANCH, A. M. S., N. G. S. |
| 06/06/2019 | ☐ **Summons Issued-Circuit** |
| | Document ID: 19-SMCC-4976, for FRONTIER AIR LINES, INC..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. |
| | ☐ **Judge/Clerk - Note** |
| | PLEASE E-FILE AN ORDER FOR THE USE OF INITIALS INSTEAD OF THE FULL NAME |
| 05/30/2019 | ☐ **Filing Info Sheet eFiling** |
| | **Filed By:** W BEVIS SCHOCK |
| | ☐ **Pet Filed in Circuit Ct** |
| | PETITION. |
| | **On Behalf Of:** ASHFAQ HUSSAIN SYED, SHELLY RENEE BRANCH, A. M. S., N. G. S. |
| | ☐ **Judge Assigned** |
| | DIV 17 |

**19SL-CC02229**

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| ASHFAQ HUSSAIN SYED, | ) | |
| | ) | |
| SHELLY RENEE BRANCH, | ) | |
| | ) | |
| A.M.S., by Next Friend Ashfaq Hussain Syed, | ) | |
| (Pending appointment), | ) | |
| | ) | Case No.: |
| N.G.S., by Next Friend Ashfaq Hussain Syed, | ) | |
| (Pending appointment), | ) | Division: |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| FRONTIER AIR LINES, INC., | ) | |
| | ) | |
| Serve:   Sheriff of Cole County | ) | |
|          Prentice Hall Corporation | ) | |
|          221 Bolivar St | ) | |
|          Jefferson City, MO  65101 | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

1.  This is an action against Frontier Air Lines Inc. (hereinafter "Frontier").  The suit arises

    from an incident that occurred on July 15, 2018 when Plaintiffs were mistreated and

    harassed by a Frontier Check In and Gate Agent, baselessly removed from their flight,

    locked in a hot jetway, threatened by the same Gate Agent about the similar treatment

    that they would receive the following day for their rebooked flight. Plaintiff makes claims

    for negligent failure to transport, negligence per se, negligent manner of removal from

    the airplane, intentional tort, false imprisonment, and breach of contract.

## PARTIES

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

2.   Plaintiffs Ashfaq Hussain Syed and Shelly Renee Branch are single individuals who
     reside together at:

>     5 Country Club Dr.
>     Fulton, MO, 65251
>
>     Callaway County

3.   Plaintiff A.M.S. is an infant child, Date of Birth:  December 16, 2016, proceeding by
     Next Friend Ashfaq Hussain Syed (presuming appointment).

4.   Plaintiff N.G.S. is an infant child, Date of Birth:  December 16, 2016, A.M.S.'s twin,
     proceeding by Next Friend Ashfaq Hussain Syed, (presuming appointment).

5.   A.M.S. and N.G.S. are the natural children of Syed and Branch and reside with them.

6.   Before any proceedings occur in this case Syed will seek appointment as Next Friend of
     A.M.S. and N.G.S.

7.   Syed and Branch are a mixed-racial couple and Syed is of Middle Eastern complexion
     and descent.

8.   Syed is a Sergeant First Class in the Missouri Army National Guard.

9.   Syed has a Master's Degree in nuclear engineering and works as a supervisor in the
     Control Room of the Callaway Energy Center, a nuclear power plant in Callaway
     County, Missouri, which is owned and operated by Ameren Corporation, a large regional
     electric utility.

10.  Frontier Air Lines is a Nevada corporation with its principal place of business in
     Colorado.  Frontier has a place of business in St. Louis County, Missouri.  Frontier
     operates regularly scheduled commercial air service into St Louis County, Missouri
     multiple times a week, and in this County sells tickets for carriage.  Frontier has
     substantial revenues and expenses in St. Louis County.

Electronically Filed - St. Louis County - May 30, 2019 - 01:37 PM

11.    Frontier reached into Missouri and sold Plaintiffs the tickets that form the genesis of this dispute.

### VENUE

12.    The injuries suffered by the Plaintiffs arise directly out of the Defendant's conduct at the St. Louis Lambert International Airport which is in St. Louis County, Missouri.

### PERSONAL JURISDICTION

13.    Personal Jurisdiction over Defendant is proper in Missouri under the Missouri long arm statute, RSMo. 506.500.

### JURY DEMAND

14.    Plaintiff demands jury trial.

### GENERAL ALLEGATION OF AGENCY OF FRONTIER EMPLOYEES

15.    Plaintiffs are informed and believe, and thereon allege on inference, that at all times herein mentioned, the complained of employees of Defendant Frontier were the agents, servants and employees of Defendant Frontier, and at all times herein mentioned, each was acting within the scope and course of said agency and employment.

### GENERAL ALLEGATION THAT PLAINTIFFS' COMPLIED WITH ALL LEGAL REQUIREMENTS

16.    All Plaintiffs complied in all respects, whether or not material, with all legal and lawful conditions, requirements, ordinances, regulations and other legal and contractual undertakings incumbent upon them in connection with the Frontier Contract of Carriage, and with the rules and ordinances of the authorities at the airport of departure and proposed arrival, and all aircraft placards and crew member instructions.

Electronically Filed - St. Louis County - May 30, 2019 - 01:37 PM

## FACTUAL ALLEGATIONS

17.   On Thursday, July 12, 2018 Branch went on line to Defendant's website and purchased confirmed tickets for the four Plaintiffs to fly one way from St Louis to Las Vegas, NV, departing on Sunday, July 15, 2018 at 5:59 p.m., Frontier Flight No. F9 87, confirmation no. YB517D.

18.   Syed and Branch were not certain of their return date and that was why Branch only purchased tickets for one way.

19.   Branch selected seats 40D and 40E for herself and Syed.  Because the children were under two at the time there was no charge for their travel and they were expected to sit on Syed and Branch's laps.

20.   The total fee for all four one way tickets was $211.40, which included a $30.00 bag fee for one bag and two $13.00 fees for seats reserved in advance of boarding.

21.   Branch paid for the trip with a Bank of America credit card.

22.   The purpose of the trip was for Syed and Branch to get married in Las Vegas, with their children with them, and then to go as a family to see friends on the California coast.

23.   During the 24 hour period before the flight Branch and Syed checked in and received boarding passes on their phones.

24.   When Plaintiffs arrived at the check in counter, they encountered a Frontier agent whose badge Plaintiff later read to read "Jerrasha Young," ("Young").

25.   Syed handed over his military ID card with his full name:  Ashfaq Hussain Syed.

26.   Young immediately became disagreeable and hostile.

27.   Branch asked Young to waive the bag fee because the Frontier website offers free luggage for military personnel.

Electronically Filed - St. Louis County - May 30, 2019 - 01:37 PM

28.   Young informed Plaintiffs that Syed and Branch would have to pay for the bag, despite the Frontier policy of providing free baggage carriage to military personnel.

29.   Young then informed Plaintiffs that they could not sit together, despite the fact that Plaintiffs had confirmed seating together.

30.   Plaintiff asked why and Young said that if Branch was going to argue and not accept that Branch and Syed could not sit together Plaintiffs would have to cancel their tickets.

31.   At no time did Young explain her reason for refusing to allow the Plaintiffs to sit together or explain that there was an issue with available oxygen masks for five people seated in a three seat row (the four Plaintiffs plus whoever was in 40F).

32.   Young's hostile behavior was especially hard to understand considering that Plaintiffs were traveling with two infant children flying for their first time, as Syed and Branch indicated at the outset of the interaction, and it would be readily apparent to Young or any objectively reasonable person that the family being able to sit together – even if across the aisle – would be a paramount priority for such passengers.

33.   Young re-assigned Syed to a seat on left side of the plane, approximately 3-5 rows forward of row 40, in a window seat, stating that the new seat for Syed was the closest empty seat.

34.   Young gave Syed and Branch new paper boarding passes.

35.   Syed showed Young the children's birth certificates and Young gave Syed boarding passes for the children.

36.   Young then informed Plaintiffs that as military they could both proceed through the TSA "pre-check" line.

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

37.    Plaintiffs went to the pre-check line and the TSA agent stated that although Syed's

military ID would allow him in that line, Branch would not be allowed in that line

because she lacked military ID or other paperwork to allow use of the pre-check line.

38.    Syed and Branch observed that the regular TSA line was not crowded so they proceeded

to that line and went through security.

39.    After passing through security, Branch called Frontier customer service to inquire about

the seating situation, because they had booked their seating in advance, arrived at the

airport with confirmed seats together, and had been given no explanation for why they

had been separated.

40.    The Frontier customer service agent Branch reached on the phone, identity unknown to

Plaintiffs, ("the First Frontier Phone Agent") told Branch that she was restoring their

previous seat assignments and told Branch to inform Young that she, the First Frontier

Phone Agent, had done so.

41.    The First Frontier Phone Agent said that Frontier routinely booked families with small

children who would ride in their parents' lap and there would be no problem.

42.    When Plaintiffs arrived at the gate, they observed that Young, the same person with

whom they had interacted at the baggage check-in counter,  was handling the gate.

43.    When Branch informed Young that the First Frontier Phone Agent had restored their seat

assignments, Young started speaking to her in a loud and irritated voice.

44.    Young asked, "Who changed your seats?", and Branch told her it was the First Frontier

Phone Agent.

45.    Young then stated: "You will listen to me. I am the one that will tell you where you can

sit, and I told you that you will not sit together."

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

46.    Branch was made very uncomfortable by this loud and berating behavior as it was creating a scene in front of the other passengers.

47.    Branch asked for an explanation of why they could not sit together and Young still provided no explanation.

48.    Plaintiffs quietly took their seats in the gate waiting area as they wished to avoid further confrontation.

49.    Plaintiffs pre-boarded as a family at approximately 5:30 p.m.

50.    Plaintiffs walked down the aisle and approached their originally assigned seats in Row 40.

51.    At approximately that location a flight attendant confronted them and informed them that she had been made aware about them.

52.    The flight attendant then told Syed and Branch that they would not be able to sit together.

53.    Syed asked the flight attendant why they were receiving this treatment, and she informed Plaintiffs that there was an issue with the available oxygen masks with two lap infants.

54.    Syed and Branch then understood that there was a rational reason for separating them and they abandoned all thoughts and intentions to sit on the same side of the plane in the same row.

55.    Syed and Branch were then standing near their original seats, taking care of their children, and stowing their luggage.

56.    A female passenger sitting in 40F, the window seat on the right side of the plane in Plaintiff's original row, had overheard the conversation about the oxygen masks and she then offered to the flight attendant that she would sit in Syed's reassigned seat so that her

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

seat would be empty, and there would be enough oxygen masks for Plaintiff's family to sit together as four people in one row.

57.  The flight attendant stated to the woman in 40F "that will not work."

58.  The flight attendant left Plaintiffs' immediate area.

59.  Plaintiffs were still in the area of row 40.

60.  A passenger then walked toward where Plaintiffs were standing.

61.  It appeared to Plaintiffs that he was assigned to 39D.

62.  Syed asked that passenger if he would swap seats so that this passenger would take the seat approximately row 35 to which Syed was now assigned, so that Syed and one child could sit in closer proximity to Branch and the other child.

63.  The man good-naturedly agreed, sat down in Syed's assigned seat, and proceeded to put his head back in such a manner that he appeared to be falling asleep.

64.  At this point, all Plaintiffs were in aisle seats, in adjacent rows, one behind the other, with each adult holding a child in his or her lap, and consequently there was no potential issue with oxygen masks.

65.  The plane sat at the gate for what seemed an unusually long time.

66.  The plane was nearly full.

67.  While waiting for departure Syed and Branch did not witness any passengers make any complaint about them to any crew member.

68.  Plaintiffs had no interaction with crew during this interval.

69.  During this interval, Plaintiffs had brief interactions with other passengers who were charmed by the babies and Syed and Branch otherwise exchanged pleasantries with the other passengers, including the fact that it was the family's first flight together.

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

70.  A passenger across the aisle asked if she could take a picture of the family on its first flight together and Syed and Branch agreed.

71.  Branch gave the passenger her phone and the passenger took the picture at approximately 6:07 p.m.

72.  Branch posted this picture to Facebook at 6:10 p.m.

73.  Shortly thereafter, Young boarded the plane, marched up to the Plaintiffs, pointed her finger in Syed and Branch's faces, and said: "You and you get your stuff."

74.  Syed and Branch, wordlessly complied by getting their carry on items and children together and followed Young down the aisle.

75.  When they reached the front of the plane Branch asked Young where they were going and she said: "Off."

76.  When Branch asked why, Young informed Syed and Branch that they would be told once they were off the plane.

77.  As they exited the plane into the jetway area just off the airplane Young remained in the airplane doorway.

78.  Branch saw another Frontier employee and asked that person to speak to a supervisor.

79.  Branch recalls that the person stated that she was a supervisor and introduced herself as "Dez", (sp?).

80.  "Dez" was on a walkie-talkie assisting with retrieving Plaintiff's stroller out of the plane's baggage hold.

81.  "Dez" stated in response to an inquiry from Branch that Plaintiffs were being removed from the plane because the "passengers and flight attendants felt uncomfortable with Plaintiffs being on the plane.

9

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

82. Dez then left the area via the jetway.

83. Branch again asked why they were being removed from the flight and Young stated that it was because they had made "the flight attendants and passengers uncomfortable."

84. At this point, Plaintiffs observed Young, the flight attendant and another unidentified employee snickering at them from the open plane door.

85. Plaintiffs pressed the Frontier employees for further explanation but received none.

86. Young then pushed past the Plaintiffs, proceeded up the jet way with Plaintiff following well behind, and closed the jet way's terminal door, leaving Plaintiffs in the jet way.

87. Branch pushed on the terminal jetway door but it would not open.

88. Branch went back to the airplane end of the jet way and found that the airplane door was closed.

89. At that point Plaintiffs were locked in the jet way tunnel, with a locked door to the terminal on one side and a locked plane door on the other side.

90. Plaintiffs remained locked in this tunnel, and were unable to exit.  It was hot, they were sweating, and the babies were screaming.  They sat down because of the heat.

91. Frontier controlled the exits of the jet way.

92. Syed and Branch understood that it would be unlawful to go out the jetway door leading to the tarmac and did not attempt that method of leaving the jetway.

93. While still in the jetway Branch called Frontier customer service by her cell phone and a Frontier customer phone service agent, (the "the Second Frontier Phone Agent"), answered.

94. Branch explained the family's circumstances and the Second Frontier Phone Agent said that her records showed that they were on the plane.

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

95.     Branch explained that the family was in the jetway.

96.     The Second Frontier Phone Agent stated that she would get someone to let them out.

97.     Branch was diagnosed years ago for migraine headaches.  Her migraines are sometimes caused by stress.

98.     Branch began developing a headache, likely a migraine, from the stress.

99.     A Frontier Employee opened the terminal door to the jetway and standing next to that person was Young.

100.    The amount of time Plaintiffs and their children were locked in the jetway tunnel is unknown but Plaintiffs estimate a few minutes, approximately 3-10 minutes, and it felt like a very long time.

101.    Branch then initiated another cell phone call to customer service.

102.    Branch spoke to a third telephone customer service agent to request that the family's flight be re-booked.

103.    In the alternative Plaintiff was on hold from the original call and the conversation was a continuation of the call with the Second Frontier Phone Agent – Plaintiff has no clear memory of which it was.  (Plaintiff will hereafter refer to this conversation as being with the "Third Frontier Phone Agent").

104.    The Third Frontier Phone Agent informed Plaintiffs that an agent on the scene needed to make a computer entry showing them as removed from the flight so that rebooking could take place.

105.    The only agent on the scene was Young, so Branch asked the Third Frontier Phone Agent if she, Branch, could put her phone on speaker and the Third Frontier Phone Agent agreed.

11

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

106. A speaker phone conversation ensued between the Third Frontier Phone Agent, Syed, Branch and Young.

107. Young initially refused to comply with the Third Frontier Phone Agent's request to change Plaintiff's status from on the flight to off the flight, but eventually, grudgingly, did so, after Third Frontier Phone Agent confronted her and told her it was the least she could do.

108. The Third Frontier Phone Agent re-booked Plaintiffs for the next day and the phone call ended.

109. As Plaintiffs were walking away, Young was standing with two other individuals, including "Dez", looking at Plaintiff, and Young started making comments to the Plaintiffs. Branch was taking a video at this point. Young said: "Ma'am I didn't even give you permission to record me and that's illegal. See you tomorrow."

110. Plaintiffs ignored this comment and kept walking, at which point Young followed them, walked in front, turned around and stopped them, and said: "I don't think you heard me. I will see you at the gate tomorrow. It's the exact same crew as today." She then smiled widely and walked away.

111. Soon thereafter Syed called customer service and confirmed that it was indeed the exact same crew the next day, at which point he cancelled their flight.

112. Syed later went on-line to the feedback page filed a written complaint with Frontier stating the above story in abbreviated form.

113. It is not illegal to take videos of flight attendants and/or otherwise take videos on airplanes, 49 U.S.C. 46504.

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

114. In any case Syed and Branch neither took video on the airplane nor harassed flight attendants.

115. It is not illegal for customers to trade seats.

116. Syed's on-line complaint contains an error in that it suggests that Plaintiffs learned of the issue of too many people in the row for the oxygen masks earlier than they actually received that information.

117. Syed called Frontier approximately the next day, spoke to "Lisa", told the story, and asked for the family's money back.

118. Frontier opened investigation No. 180821-001664.

119. Approximately two days later a Frontier representative named "Beth" called Plaintiff Syed's phone and spoke to Syed and Branch by speaker phone.

120. Beth stated that they had investigated the complaint and found that Syed was taking videos after being told by flight attendants to stop, harassing flight attendants, and asking customers to trade seats.

121. On August 21, 2019 "Beth" sent an e-mail to Syed stating that he would receive a refund on the credit card ending in 0676.

122. Plaintiffs have never received a refund on that card or any other card or by any other method.

123. Approximately two months later Branch wrote a Facebook post describing their experience, which generated considerable social media outrage.

124. A number of individuals, including Donna Stern, Branch's mother, contacted Frontier and/or posted on Facebook to complain about Frontier's behavior.

125. Frontier replied by e-mail to some of those who complained by defending its position.

13

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

126. "Beth", Frontier's investigator, wrote to Branch's mother, Donna Stern, on September 13, 2018 at 4:49 p.m. and stated:

   a.   The children "were not included on their reservation".

   b.   "The parent who had been reassigned was now back in their (sic) original seat",

   c.   The "parents were not complying with crew member instructions and insisted on flying in a way that could jeopardize safety of flight".

   d.   "They were provided with a refund".

### NO COMPARATIVE FAULT

127. Plaintiffs were not at fault in any way.

### NO LEGAL JUSTIFICATION

128. There was no legal justification for Frontier to throw Plaintiffs off the flight or imprison Plaintiffs in the jetway.

### DAMAGES

129. Plaintiffs did not receive the benefit of their contract with Frontier because Frontier did not provide transportation to Plaintiff's family from St. Louis to Las Vegas on July 15, 2018.

130. Due to the cancellation of their tickets, among other reasons, Syed and Branch have not yet married.

131. All Plaintiffs lost the benefits associated with their expected trip to Las Vegas and the west coast.

132. Syed and Branch suffered garden variety emotional damages from the loss of the transportation to Las Vegas.

133. During the time Plaintiffs' were imprisoned in the jetway all four Plaintiffs suffered fear,

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

loss of liberty, uncomfortable conditions, humiliation, indignity, disgrace, stress,

embarrassment and, mental suffering.

### PUNITIVE DAMAGES – NEGLIGENCE, NEGLIGENCE PER SE

134.   Defendant's conduct in throwing Plaintiffs off the flight, through the actions of Young

and other representatives of Frontier, all acting with actual or apparent authority, showed

complete indifference to or conscious disregard for harm to others.

### PUNITIVE DAMAGES - INTENTIONAL TORT AND FALSE IMPRISONMENT

135.   Defendant's conduct in throwing Plaintiffs off the flight and imprisoning Plaintiffs in the

jetway, through the actions of Young and other representatives of Frontier all acting with

actual or apparent authority, was outrageous because of the Defendant authorized

representatives' evil motives and/or reckless indifference to the rights of Plaintiffs.

136.   Frontier's conduct, through the actions of its authorized agents, from the moment

Plaintiffs arrived at the check-in counter until they left the airport, showed complete

indifference to and/or conscious disregard for the safety and rights of Plaintiffs.

### UNFAIR OR DECEPTIVE PRACTICE
### TO BUMP PAYING PASSENGERS FOR NO REASON

137.   The "Transparency Improvements and Compensation to Keep Every Ticketholder Safe

Act of 2017" or the "TICKETS Act", Public Law No: 115-254, Title IV, Subtitle A, Sec.

425, HR 302, passed by both houses and signed by the president, effective October 5,

2018, ("the statute"), (which is a date after this incident}, states in relevant part:

It shall be an unfair or deceptive practice under subsection (a) for an air carrier or

foreign air carrier subject to part 250 of title 14, Code of Federal Regulations, to

involuntarily deplane a revenue passenger onboard an aircraft, if the revenue

passenger—

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

    (A)    is traveling on a confirmed reservation; and

    (B)    checked-in for the relevant flight prior to the check-in deadline.

138. When Defendant expelled Plaintiffs from the airplane, Defendant violated this Act, (although the act was not yet effective).

## COUNT I – NEGLIGENCE
### Failure to Transport Plaintiffs
### All Plaintiffs Against Defendant

139. Plaintiffs incorporate all prior paragraphs.

140. Plaintiffs had confirmed paid for tickets to Las Vegas on Frontier flight F9 87 for July 15, 2018 from St. Louis to Las Vegas.

141. Plaintiffs and Defendant had the relationship of passenger and common carrier.

142. Defendant had a duty to exercise the highest degree of care to safely transport Plaintiffs to Las Vegas.[1]

143. Plaintiff boarded the plane for the flight.

144. Defendant, through its authorized representatives, removed Plaintiffs from the plane.

145. Defendant, through its authorized representatives, made it impossible for Plaintiffs to go to Las Vegas the next day.

146. Plaintiffs did not go to Las Vegas at all.

147. When Defendant, through its authorized representatives, removed Plaintiffs from the plane and prevented them from going the next day, Defendant breached its duty to transport Plaintiffs to Las Vegas.

---

[1] *Spencer v. Am. Airlines, Inc.*, 553 S.W.3d 861, 867 (Mo. Ct. App. 2018), *Dykens v. E. Airlines, Inc.*, 865 F.2d 1271 (9th Cir. 1989), *Goliger Trading Co. of N. Y. v. Chicago & N. W. Ry. Co.*, 184 F.2d 876, 880 (7th Cir. 1950), *Baltimore & O.R. Co. v. Thornton*, 188 F. 868, 877–78 (4th Cir. 1911), *Siegel v. Illinois Cent. R. Co.*, 186 Mo. App. 645, 172 S.W. 420, 422 (1915).

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

148.   Defendant, through its authorized representatives failed to use to use that degree of care that a very careful person would have used under the same or similar circumstances to provide Plaintiffs transportation to Las Vegas.

149.   It was reasonably foreseeable to Defendant that Plaintiffs would suffer damages if Defendant, through its authorized representatives, removed Plaintiffs from the plane and made it impossible for them to go to Las Vegas the next day.

150.   Plaintiffs suffered the special and general damages associated with the loss of the transportation.

151.   Plaintiffs suffered garden variety emotional distress.

152.   Defendant's conduct, through its authorized representatives, showed complete indifference to or conscious disregard for harm to others.[2]

153.   Defendant's conduct, through its authorized representatives, demonstrated conscious negligence tantamount to intentional wrongdoing because Defendant's authorized agents were conscious of their conduct, and, though having no specific intent to injure, must have been conscious, from their knowledge of surrounding circumstances and existing conditions, that their conduct would naturally or probably result in injury[3] and/or that there was a high probability that their conduct would result in injury.[4]

---

[2]*Hoover's Dairy, Inc. v. Mid-Am. Dairymen, Inc./Special Prods., Inc.*, 700 S.W.2d 426, 435 (Mo. banc 1985), MAI 10.02.
[3]*Tubbs v. BNSF Ry. Co., Inc.*, 562 S.W.3d 323, 340–41 (Mo. Ct. App. 2018)
[4]*Poage v. Crane Co.*, 523 S.W.3d 496, 515 (Mo. App. E.D. 2017) (quoting *Letz v. Turbomeca Engine Corp.*, 975 S.W.2d 155, 164 (Mo. App. W.D. 1997) (en banc)), *Oyler v. Hy-Vee, Inc.*, 539 S.W.3d 742, 746 (Mo. Ct. App. 2017)

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

WHEREFORE, on Count I Plaintiffs pray for judgment against Defendant under the theory of negligence for compensatory damages in excess of $25,000.00, punitive damages, costs, and for such other relief as the court finds to be just, meet and reasonable.

## COUNT II – NEGLIGENCE PER SE
### Violation of TICKETS Act
### All Plaintiffs Against Defendant

154. Plaintiffs incorporate all prior paragraphs.

155. Plaintiffs checked in prior to the check-in deadline

156. Plaintiffs entered and went to their seats on the airplane as paid passengers with confirmed reservations.

157. Defendant forced Plaintiffs to involuntarily deplane.

158. The TICKETS Act, albeit enacted into law after this incident, defines the duty of the common carrier to transport paying passengers.[5]

159. Pursuant to the statute under these circumstances it was an unfair or deceptive practice to involuntarily deplane Plaintiffs.

160. Defendant, through its authorized representatives, violated the statute.

161. Plaintiffs are members of the class of persons intended to be protected by the statute.

162. The damages outlined above are the kind of damages the statute was designed to prevent.

163. The violation of the statute was the cause of Plaintiff's damages.[6]

164. Defendant's conduct, through its authorized representatives, showed complete indifference to and/or conscious disregard for harm to others.[7]

---

[5] Plaintiffs are unaware of any precedent stating that a later enacted statute may not relate back in a negligence per se claim.

[6] *Martinez v. Kilroy Was Here LLC*, 551 S.W.3d 491, 496 (Mo. Ct. App. 2018)

[7] *Hoover's Dairy, Inc. v. Mid-Am. Dairymen, Inc./Special Prods., Inc.*, 700 S.W.2d 426, 435 (Mo. banc 1985), MAI 10.02.

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

165.   Defendant's conduct, through its authorized representatives, demonstrated conscious negligence tantamount to intentional wrongdoing because Defendant's authorized agents were conscious of their conduct, and, though, in the alternative, having no specific intent to injure, must have been conscious, from their knowledge of surrounding circumstances and existing conditions, that their conduct would naturally or probably result in injury[8] and/or that there was a high probability that their conduct would result in injury.[9]

WHEREFORE, on Count II Plaintiffs pray for judgment against Defendant under the theory of negligence per se for compensatory damages in excess of $25,000.00, punitive damages, costs, and for such other relief as the court finds to be just, meet and reasonable.

### COUNT III – NEGLIGENCE
### Manner of Removal from Plane
### All Plaintiffs Against Defendant

166.   Plaintiffs incorporate all prior paragraphs.

167.   Defendant and its agents had a duty as a common carrier to exercise ordinary care under the circumstances for the well-being and treatment of its passengers.

168.   It was reasonably foreseeable that Defendant and its agents' improper treatment of the Plaintiffs in the manner in which they were removed from the plane would result in aggravation, inconvenience, distress, and would deprive them of their family trip.

169.   Defendant and its agents breached the duty of a common carrier to Plaintiffs by the cruel and callous manner by which they ejected Plaintiffs from the aircraft, including by drawing attention to Plaintiffs as though they were criminals in front of all the passengers

---

[8] *Tubbs v. BNSF Ry. Co., Inc.*, 562 S.W.3d 323, 340–41 (Mo. Ct. App. 2018)
[9] *Poage v. Crane Co.*, 523 S.W.3d 496, 515 (Mo. App. E.D. 2017) (quoting *Letz v. Turbomeca Engine Corp.*, 975 S.W.2d 155, 164 (Mo. App. W.D. 1997) (en banc)), *Oyler v. Hy-Vee, Inc.*, 539 S.W.3d 742, 746 (Mo. Ct. App. 2017)

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

heading to Las Vegas, by terrifying Plaintiffs, leaving them in a locked jetway, and intimidating them into cancelling their rescheduled flight.

170.    As a result, all Plaintiffs suffered monetary damages, inconvenience, embarrassment, and emotional distress from this outrageous conduct, which continue to affect all Plaintiffs.

WHEREFORE, on Count III Plaintiffs pray for judgment against Defendant under the theory of negligent manner of removal from the airplane for compensatory damages in excess of $25,000.00, punitive damages, costs, and for such other relief as the court finds to be just, meet and reasonable.

### COUNT IV – INTENTIONAL TORT
### Intentional Removal from Plane
### All Plaintiffs Against Defendant

171.    Plaintiffs incorporate all prior paragraphs.

172.    Defendant, through its authorized representatives, intentionally removed Plaintiffs from the plane.

173.    At the time there was no statute, law or regulation specifically making unlawful the removal of Plaintiffs from the plane.

174.    The removal of Plaintiffs from the plane caused Plaintiffs damages as outlined above.

175.    There was no justification and/or there was insufficient justification for Defendant's removal of Plaintiffs from the plane.[10]

176.    Defendant's conduct, through its authorized representatives, was outrageous because of Defendant's evil motive or reckless indifference to the safety and rights of others.[11]

---

[10]*Porter v. Crawford & Co.*, 611 S.W.2d 265, 268 (Mo. App. 1980), *Billingsley v. Farmers All. Mut. Ins. Co.*, 555 S.W.3d 1, 6–7 (Mo. Ct. App. 2018).
[11] MAI 10.01

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

WHEREFORE, on Count IV Plaintiffs pray for judgment against Defendant under the theory of intentional tort for compensatory damages in excess of $25,000.00, punitive damages, costs, and for such other relief as the court finds to be just, meet and reasonable.

### COUNT V – INTENTIONAL TORT
**False Imprisonment in the Jetway**
**All Plaintiffs Against Defendant**

177.   Plaintiff incorporates all prior paragraphs.

178.   By confining Plaintiffs into the overheated jet way with no exit, Young knowingly and unlawfully constrained Plaintiffs and completely restricted their movement without their consent.

179.   The Plaintiffs were aware that they had been locked in the jetway and were not free to leave, which was a substantial interference with their liberty.

180.   The actions of Defendant's agents were reasonably foreseeable in that the actions of defendant's agents were within the scope of their employment.

181.   As a result Plaintiffs suffered damages including humiliation, heat duress, mental anguish, and fear for their wellbeing and that of their children.

182.   Defendant's conduct, through its authorized representatives, was outrageous because of Defendant's evil motive or reckless indifference to the rights of others. [12]

WHEREFORE, on Count V Plaintiffs pray for judgment against Defendant under the theory of false imprisonment for compensatory damages in excess of $25,000.00, punitive damages, costs, and for such other relief as the court finds to be just, meet and reasonable.

### COUNT VI - BREACH OF CONTRACT
**Breach of Contractual Duty to Transport Plaintiffs to Las Vegas**

---

[12] MAI 10.01

21

Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

### Syed and Branch Against Defendant

183.  Plaintiff incorporates all prior paragraphs.

184.  Plaintiffs and Defendant Frontier entered into a contract of carriage to transport Plaintiffs from St Louis, MO to Las Vegas, NV.

185.  As consideration for this contract, Plaintiffs paid $211.40.

186.  Plaintiffs complied in every way with the conditions of the contract.

187.  Under the terms of the contract, Frontier may refuse carriage for a limited set of reasons, none of which were applicable when they refused to carry Plaintiffs.

188.  By refusing to carry Plaintiffs after they had purchased valid tickets and engaged in a binding contract, Defendant Frontier breached the contract by its refusal to perform.

189.  As a result, Plaintiffs suffered actual, consequential and benefit of the bargain damages[13] as a direct result of Defendant's breach, in an amount to be determined at trial.

WHEREFORE, on Count VI Plaintiff prays for compensatory damages in a fair and reasonable amount, court costs, and for such other relief as the court finds to be just, meet and reasonable.

Respectfully Submitted,

   /s/ W. Bevis Schock   .
W. Bevis Schock, 32551MO
Attorney for Plaintiffs
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

---

[13] *Catroppa v. Metal Bldg. Supply, Inc.*, 267 S.W.2d 522, 531 (Mo Banc. 1983), *Curators of the University of Missouri v. Suppes*, WD81278, January 8, 2019, 2019 WL 121983.



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>JOSEPH L. WALSH III | Case Number:  19SL-CC02229 |
| Plaintiff/Petitioner:<br>HUSSAIN SYED ASHFAQ<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>W BEVIS SCHOCK<br>7777 BONHOMME STE 1300<br>CLAYTON, MO  63105 |
| Defendant/Respondent:<br>FRONTIER AIR LINES, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Pers Injury-Other | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |

RECEIVED

JUN 12 2019

COLE COUNTY
SHERIFF'S OFFICE

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  FRONTIER AIR LINES, INC.
               **Alias:**

SHERIFF OF COLE COUNTY
PRENTICE HALL CORPORATION
221 BOLIVAR ST.
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>06-JUN-2019</u>
Date

_____ Clerk

Further Information:
LG

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
   Printed Name of Sheriff or Server                Signature of Sheriff or Server
        **Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*     Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
                                   Date                  Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 19-SMCC-4976**  1  (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                          54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



## IN THE 21ST CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

ASHFAQ HUSSAIN SYED,          )
SHELLY RENEE BRANCH,       )
A.M.S., by Next Friend           )
Ashfaq Hussain Syed (pending appointment),  )
N.G.S., by Next Friend          )
Ashfaq Hussain Syed (pending appointment),  )
                            )
        Plaintiffs,        )
                            )
v.                            )    Case No.: 19SL-CC02229
                            )    Hon. Joseph L. Walsh III
FRONTIER AIRLINES, INC.,     )
                            )
        Defendant.       )

## STIPULATION

Plaintiffs ASHFAQ HUSSAIN SYED, SHELLY RENEE BRANCH, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs") by their attorney W. Bevis Schock and Defendant FRONTIER AIRLINES, INC. ("Defendant") by its attorneys Adler Murphy & McQuillen LLP hereby enter into the following Stipulation regarding Plaintiffs' alleged damages:

1. All damages actually sought by Plaintiffs for the injuries alleged in their Complaint exceed the sum or value of $75,000, exclusive of interest and costs;

2. Nothing contained herein is an admission by Defendant that Plaintiffs are entitled to any damages.

IT IS SO STIPULATED BY THE PARTIES.

Date: June 24, 2019

**ASHFAQ HUSSAIN SYED,**                **FRONTIER AIRLINES, INC.**
**SHELLY RENEE BRANCH,**
**A.M.S., by Next Friend**
**Ashfaq Hussain Syed, and**

**N.G.S., by Next Friend**
**Ashfaq Hussain Syed**


By:  /s/
*Attorney for Plaintiffs*

W. Bevis Schock   32551
7777 Bonhomme Avenue, Suite 1300
St. Louis, Missouri 63105
Phone: (314) 726-2322
Email: wbschock@schocklaw.com

By:  /s/ Tara Shelke
*One of the Attorneys for Defendant*

Brian T. Maye
Tara Shelke
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
          tshelke@amm-law.com

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | | |
|---|---|---|---|
| ASHFAQ HUSSAIN SYED, *et al.* | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | Case No.: | 19SL-CC02229 |
| v. | ) | | |
| | ) | Division: | 4 |
| FRONTIER AIR LINES, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

**PLAINTIFFS' MOTION FOR CAUSE TO BE LITIGATED
IN THE PRE-TRIAL PUBLIC RECORD
WITH CHILDREN IDENTIFIED THROUGH INITIALS ONLY, AND
FOR LEAVE FOR PLAINTIFF TO FILE THEIR FULL NAMES UNDER SEAL**

Come now Plaintiffs, by counsel W. Bevis Schock, and move the court to allow case to
be litigated in the pre-trial public record with the children identified through initials only, and for
leave for Plaintiffs to file the children's full names under seal.  In support whereof, Plaintiffs
state:

1.      This is a case by the four members of Plaintiff's family, a father, a mother and their two
        infant children, against Frontier Airlines for improperly removing Plaintiffs from an
        airplane.

2.      Plaintiff A.M.S. is an infant child, Date of Birth:  December 16, 2016.

3.      Plaintiff N.G.S. is an infant child, Date of Birth:  December 16, 2016.

Because the children are less than three years old it would be improper for their names to
be in the public record.

Plaintiffs further ask for leave for the children's full names to be filed under seal.

WHEREFORE, Plaintiffs pray the court to order that this case shall be litigated in the pre-trial public record with the children identified through initials only and for leave to Plaintiff to file their full names under seal.

Respectfully Submitted,

    /s/ W. Bevis Schock   .
W. Bevis Schock, MBE # 32551
Attorney for Plaintiffs
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

So Ordered,

_____
Judge

Date_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | | |
|---|---|---|---|
| ASHFAQ HUSSAIN SYED, *et al.* | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | Case No.: | 19SL-CC02229 |
| v. | ) | | |
| | ) | Division: | 4 |
| FRONTIER AIR LINES, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

**PLAINTIFFS' MOTION FOR ORDER TO CLERK
TO CORRECT ERROR IN PLAINTIFF SYED'S NAME
IN CASE CAPTION**

Come now Plaintiffs, by counsel W. Bevis Schock, and move for an order to the clerk to correct an error in Plaintiff' Ashfaq Hussain Syed's name in the case caption.  When the clerk set up the case the clerk apparently thought Plaintiff Ashfaq Hussain Syed's middle name was his last name.  In fact, his correct last name is "Syed".

WHEREFORE, Plaintiffs pray the court to order the clerk correct the case caption to reflect that Plaintiff's name is Ashfaq Hussain Syed, and that his last name is Syed.


So Ordered,


_____
Judge

Date_____

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

ASHFAQ HUSSAIN SYED, *et al.*          )
                                       )
    Plaintiffs,              )
                                       )     Case No.:     19SL-CC02229
v.                                     )
                                       )     Division:     4
FRONTIER AIR LINES, INC.,              )
                                       )
    Defendant.               )

## PETITION FOR APPOINTMENT AS NEXT FRIEND

Comes now Petitioner Ashfaq Hussain Syed, by counsel W. Bevis Schock, and moves under Rule 52.02 for his appointment as Next Friend of A.M.S., and N.G.S., collectively ("the children"). In support whereof Petitioner states:

1. A.M.S. is an infant child, Date of Birth: December 16, 2016, currently age 2.

2. N.G.S. is an infant child, Date of Birth: December 16, 2016, currently age 2.

3. Petitioner Ashfaq Hussain Syed is the natural father of the children.

4. Plaintiff Shelly Branch is the natural mother of the children.

5. The family resides together at:

      5 Country Club Dr.
      Fulton, MO, 65251

      Callaway County

6. Shelly Branch and Ashfaq Hussain Syed are adult Plaintiffs in this law suit.

7. The allegations in the suit relate to an event in August 2018 when the family was unlawfully removed from a flight from Las Vegas, and unlawfully imprisoned on a jetway.

8.    Pursuant to Rule 52.02 the children may only proceed in this matter upon appointment of

a Next Friend.

WHEREFORE, Petitioner Ashfaq Hussain Syed moves to be appointed Next Friend of

A.M.S. and N.G.S. for purposes of this suit.

## CONSENT OF ASHFAQ HUSSAIN SYED

9.    My name is Ashfaq Hussain Syed. I am an adult and capable of making this affidavit.

10.   I hereby consent to serve in this lawsuit as Next Friend of my daughters, A.M.S. and

N.G.S.

11.   I will act in their best interest.

12.   I will follow the requirements of Rule 52.02, including:

    a.    Upon any resolution of the matter in which the children are entitled to receive

       funds I will lawfully obtain court approval and/or obtain a bond,

    b.    I will be responsible for court costs.

I hereby verify and affirm that I have read and understood this document. I declare under oath
and under penalty of perjury that to the best of my knowledge all the statements in the document
are true and correct.

_____
Ashfaq Hussain Syed

State of Missouri        )
                         )  ss
County of St. Louis      )

Subscribed and sworn before me this _18th of June_ 2019.

_____
Notary Public

MARY KATHERINE FLEMINGTON
Notary Public, Notary Seal
State of Missouri
Callaway County
Commission # 18430399
My Commission Expires 03-19-2022

Respectfully Submitted,

   /s/ W. Bevis Schock  .
W. Bevis Schock, MBE # 32551
Attorney for Plaintiffs
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO 63105
wbschock@schocklaw.com
Fax:   314-721-1698
Voice: 314-726-2322

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | | |
|---|---|---|---|
| ASHFAQ HUSSAIN SYED, *et al.* | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | Case No.: | 19SL-CC02229 |
| v. | ) | | |
| | ) | Division: | 4 |
| FRONTIER AIR LINES, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

**APPLICATION FOR ADMISSION OF WILLIAM T. WOODROW FOR PLAINTIFFS**
***PRO HAC VICE***

Come now Plaintiffs, by counsel W. Bevis Schock, and move the court to grant the entry

of appearance of William T. Woodrow for Plaintiffs, *pro hac vice* pursuant to Rule 9.03.  In

support whereof Plaintiffs state:

1.  W. Bevis Schock, a licensed attorney in the State of Missouri, filed this case.

2.  Plaintiffs now seek the admission of William T. Woodrow as additional counsel for

    Plaintiffs.

3.  Mr. Woodrow is a member in good standing of the Bar of New York State.

4.  He is a member of:

    Stone & Woodrow LLP
    250 West Main St. Suite 201
    Charlottesville, VA 22902
    855-275-7378

5.  No member of that firm is under suspension or disbarred by the highest court of any state

    or territory of the United States or the District of Columbia.

6.  His attached affidavit, Exhibit A, lists every court of which he is a member of the bar.

7.      As stated in that affidavit, Mr. Stone agrees to comply with Rules of Professional

Conduct as set forth in Rule 4 and to become subject to discipline by the courts of this

state.

8.      Plaintiffs attach Exhibit A, a receipt from the Missouri Supreme Court for the $410.00

fee.

WHEREFORE, Plaintiffs prays the court to admit William T. Woodrow, *pro hac vice*, to

represent Plaintiffs in this matter.

Respectfully Submitted,

   /s/ W. Bevis Schock   .
W. Bevis Schock, MBE # 32551
Attorney for Plaintiffs
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

So Ordered,

_____
Judge

Date_____

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | | |
|---|---|---|---|
| ASHFAQ HUSSAIN SYED, *et al.* | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | Case No.: | 19SL-CC02229 |
| v. | ) | | |
| | ) | Division: | 4 |
| FRONTIER AIR LINES, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

**APPLICATION FOR ADMISSION OF THATCHER A STONE FOR PLAINTIFFS**
*PRO HAC VICE*

Come now Plaintiffs, by counsel W. Bevis Schock, and move the court to grant the entry

of appearance of Thatcher A. Stone for Plaintiffs, *pro hac vice* pursuant to Rule 9.03.  In support

whereof Plaintiffs state:

1.      W. Bevis Schock, a licensed attorney in the State of Missouri, filed this case.

2.      Plaintiff now seek the admission of Thatcher A. Stone as additional counsel for Plaintiffs.

3.      Mr. Stone is a member in good standing of the Bar of New York State.

4.      He is a member of:

> Stone & Woodrow LLP
> 250 West Main St. Suite 201
> Charlottesville, VA 22902
> 855-275-7378

5.      No member of that firm is under suspension or disbarred by the highest court of any state

or territory of the United States or the District of Columbia.

6.      His attached affidavit, Exhibit A, lists every court of which he is a member of the bar.

7.      As stated in that affidavit, Mr. Stone agrees to comply with Rules of Professional

Conduct as set forth in Rule 4 and to become subject to discipline by the courts of this

state.

8.      Plaintiffs attach Exhibit A, a receipt from the Missouri Supreme Court for the $410.00

fee.

WHEREFORE, Plaintiffs prays the court to admit Thatcher A. Stone, *pro hac vice*, to

represent Plaintiffs in this matter.

Respectfully Submitted,

　/s/ W. Bevis Schock   .
W. Bevis Schock, MBE # 32551
Attorney for Plaintiffs
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

So Ordered,


_____
Judge

Date_____

**In the**

# CIRCUIT COURT
## of St. Louis County, Missouri



FILED IN DIV. 17

For File Stamp Only

JUN 2 6 2019

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

| | |
|---|---|
| Syed | |
| Plaintiff(s) | Date  6/26/19 |
| vs. | Case Number  19SL-CC01229 |
| Frontier Airlines | Division  17 |
| Defendant(s) | |

## Order

The court being advised that Defendant
consents, the court hereby grants the
following Motions:

(1) Children to be identified in pleadings
by initials only.

(2) Motion of Ali Syed to serve as
next friend of minor children

(3) Madeline Stone and Will Woodrow are
admitted PHV PHV.

(4) Clerk to correct error in case caption.

**SO ORDERED**

Judge

ENTERED: 6/26/19
(Date)

Attorney _____ Bar No. _____

Address _____

Phone No. W Eric School  Fax No.

Attorney  W38cl  32551
Bar No.
Address  726-2322  fax 115

Phone No. _____ Fax No. _____

CCOPR47-WS   Rev.  02/14