**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ASHFAQ HUSSAIN SYED, <br> SHELLY RENEE BRANCH, <br> A.M.S., by Next Friend Ashfaq Hussain Syed, <br> and <br> N.G.S., by Next Friend Ashfaq Hussain Syed, <br><br> *Plaintiffs*, <br><br> v. <br><br> FRONTIER AIRLINES, INC., <br><br> *Defendant*. | Case No.: 4:19-cv-02125-NAB |

**DEFENDANT FRONTIER AIRLINES, INC.'S**
**PARTIAL MOTION TO DISMISS AND MOTION TO STRIKE**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f)(2), Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, respectfully requests that this Court dismiss Counts I through V of Plaintiffs' Complaint and strike Plaintiffs' punitive damages allegations. In support of its Partial Motion to Dismiss and Motion to Strike, Frontier states as follows:

1. This civil action arises from an incident that occurred on July 15, 2018 during the boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert International Airport.

2. On May 30, 2019, Plaintiffs Ashfaq Hussain Syed ("Syed"), Shelly Renee Branch ("Branch"), A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs"), filed a six-count Complaint in the 21st Judicial Circuit Court, St. Louis County, Missouri, against Frontier alleging negligence (Count I), negligence *per se* (Count II), negligent removal from the plane (Count III), intentional removal from the plane

(Count IV), false imprisonment (Count V), and breach of contract (Count VI). (Doc. #3.)

3. On July 23, 2019, Frontier removed this matter to United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. # 1.)

4. Frontier moves this Court to dismiss Counts I, II, III, IV, and V of Plaintiffs' Complaint because they each fail to state a claim upon which relief can be granted.

5. Specifically, Count I fails as a matter of law because the obligations of an air carrier and its passengers are governed by a contract of carriage and Frontier did not owe Plaintiffs any common law duty to transport them.

6. Count II fails because it is premised on the Tickets Act which was not in effect at the time of the alleged incident, does not apply retroactively, and does not provide for a private right of action.

7. Count III fails because it does not clearly state the theory of liability Plaintiffs intend to assert. To the extent Plaintiffs are alleging breach of contract or false imprisonment, Count III would be duplicative of their claims in Counts VI and V, respectively. To the extent Plaintiffs intended to plead negligent infliction of emotional distress, they have not pleaded sufficient facts to support such claim.

8. Count IV also does not clearly state the theory of liability Plaintiffs intend to assert. To the extent Plaintiffs are alleging breach of contract or false imprisonment, Count IV would be duplicative of their claims in Counts VI and V, respectively. To the extent Plaintiffs intended to plead intentional infliction of emotional distress, they have not pleaded sufficient facts to support a viable claim.

9. And Count V fails because Plaintiffs have not alleged any facts to establish that

Frontier intentionally detained them on the jetbridge. To the extent Plaintiffs are alleging the agent intended to detain or restrain them on the jetbridge, such conduct would have been outside the scope of her employment and not imputable to Frontier.

10. Frontier also moves this Court to strike Plaintiffs' punitive damages allegations because they do not contain sufficient factual matter to state a claim for punitive damages.

11. Frontier contemporaneously files and submits a Memorandum of Law in support of this motion.

WHEREFORE, Defendant FRONTIER AIRLINES, INC., prays that this Honorable Court enter an order dismissing Counts I through V pursuant to Fed. R. Civ. P. 12(b)(6), striking Plaintiffs' punitive damages allegations pursuant to Fed. R. Civ. P. 12(f)(2), and for such further relief as this Court deems just and reasonable.

Date: July 30, 2019                                   Respectfully submitted,

**FRONTIER AIRLINES, INC.**

By: /s/  David C. Berwin
David C. Berwin, Bar No. 55046MO
**EVANS & DIXON, LLC**
Attorney for Defendant
211 North Broadway, 25th Floor
St Louis MO  63102
(314)  552-4046  Tel. No.
(314)  884-4446  Fax No.
dberwin@evans-dixon.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of July, 2019, the foregoing instrument was electronically filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system.

/s/  David C. Berwin