UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ASHFAQ HUSSAIN SYED,
SHELLY RENEE BRANCH,
A.M.S., by Next Friend Ashfaq Hussain Syed,
and
N.G.S., by Next Friend Ashfaq Hussain Syed,

*Plaintiffs*,

v.

FRONTIER AIRLINES, INC.,

*Defendant*.

Case No.: 4:19-cv-02125-NAB

**DEFENDANT FRONTIER AIRLINES, INC.'S MEMORANDUM IN SUPPORT OF ITS
PARTIAL MOTION TO DISMISS AND MOTION TO STRIKE**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f)(2), Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, respectfully requests that this Court dismiss Counts I through V of Plaintiffs' Complaint and strike Plaintiffs' punitive damages allegations. In support of its motion, Frontier states as follows:

**I.      INTRODUCTION**

This civil action arises from an incident that occurred on July 15, 2018 during the boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert International Airport. On May 30, 2019, Plaintiffs Ashfaq Hussain Syed ("Syed"), Shelly Renee Branch ("Branch"), A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs"), filed a six-count Complaint in the 21st Judicial Circuit Court, St. Louis County, Missouri, against Frontier alleging negligence (Count I), negligence *per se* (Count II), negligent removal from the plane (Count III), intentional removal

from the plane (Count IV), false imprisonment (Count V) and breach of contract (Count VI). (Plaintiffs' Complaint (Doc. #3) attached as Exhibit A.) On July 23, 2019, Frontier removed this matter to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. # 1)

Pursuant to Fed. R. Civ. P. 12(b)(6), Frontier seeks dismissal of Counts I through V because they fail to state claims upon which relief can be granted. Pursuant to Fed. R. Civ. P. 12(f)(2), Frontier seeks to have stricken Plaintiffs' punitive damages allegations because they do not contain sufficient factual matter to state a claim for punitive damages that is plausible on its face.

## II.     LEGAL STANDARD

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of such a motion is to test the legal sufficiency of the complaint. In order to survive a motion to dismiss, Plaintiffs must plead more than legal conclusions and bare allegations that the "defendant unlawfully harmed [them]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Fed. R. Civ. P. 8 prohibits Plaintiff from relying on speculation and conclusory accusations alone. *Iqbal*, 556 U.S. at 678–79. Instead, Plaintiffs must provide "a short and plain statement of the claim showing the pleader is entitled to relief," and this showing must include sufficient factual allegations to provide both context and plausible support for the legal conclusions. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–56, 570. Where the allegations show on the face of the complaint there is some insurmountable bar to relief, dismissal under Rule 12(b)(6) is appropriate. *Sarasota Wine Mkt., LLC v. Parson*, No. 4:17CV2792 HEA, 2019 U.S. Dist. LEXIS 54013, at *9 (E.D. Mo. Mar. 29, 2019).

### III.     ARGUMENT

**A.     Count I – Negligent Failure to Transport**

In Count I, Plaintiffs allege that Frontier owed them a duty to transport them to Las Vegas, Nevada on July 15, 2018. (Exhibit A at ¶¶ 139-153.) Plaintiffs claim this duty to transport them to Las Vegas relates to Frontier's and Plaintiffs' passenger and common carrier relationship, which arises out of common law. *Id.* at ¶¶ 139-153. Plaintiffs are mistaken however, because any duty Frontier may have owed Plaintiffs to transport them to Las Vegas arose out of their purchase of tickets on July 12, 2018 for transportation from St. Louis, Missouri to Las Vegas, Nevada on July 15, 2018, not through common law. *Id.* at ¶ 17.

A duty may arise by operation of a statute, by obligation assumed in a contract, or through the common law. *Schwarz v. Frontera Produce Ltd.,* No. 11-CV-4280-FJG, 2014 U.S. Dist. LEXIS 157676, at *4-6 (W.D. Mo. Nov. 7, 2014). Under the common law, there is no general duty requiring air carriers to transport members of the general public to their destination of choice. Rather, air carriers enter into contracts with passengers whereby the passenger pays a fee to be transported by the air carrier to a specified destination. The respective obligations of the air carrier and the passenger are governed by a contract of carriage, not common law.

Accordingly, Frontier requests that this Court dismiss Count I because it fails as a matter of law. Frontier did not owe Plaintiffs any common law duty to transport them to Las Vegas. To the extent Plaintiffs intended to plead a breach of contract claim in Count I, it is duplicative of Count VI, which alleges a breach of contract claim.

**B.      Count II – Negligence *Per Se*, Violation of Tickets Act**

      1.      The Tickets Act was not in effect at the time of the incident

In Count II, Plaintiffs seek damages pursuant to 14 CFR 250, which is commonly referred to as the "Tickets Act." The Tickets Act was a part of the 2018 FAA Reauthorization Act of 2018, which was signed into law on October 5, 2018. (Exhibit A at ¶ 137.) Plaintiffs cannot recover under the Tickets Act, however, because it was not in effect at the time of the subject incident, and it does not apply retroactively. *Id.*; *see Hustedde v. Midway Arms, Inc*., No. 09-4003-CV-C-MJW, 2010 U.S. Dist. LEXIS 96296, at *13-15 n.3 (W.D. Mo. Sep. 15, 2010).

The presumption against retroactive legislation is deeply rooted in this country's jurisprudence. *See Landgraf v. USI Film Products*, 511 U.S. 244, 265 (1994). Conduct is to be assessed under the law that existed when the conduct took place. *Id.* Absent clear Congressional intent otherwise, legislation will not be applied to transactions already passed if to do so would "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at 280.

Here, there was no intent by Congress for the Tickets Act to apply retroactively. If the Tickets Act were to be applied retroactively, despite the clear absence of Congressional intent for such retroactivity, it could expose Frontier to liability for any past conduct, which was not prohibited at that time. Accordingly, there is no basis to upset the presumption that the Tickets Act does not apply retroactively. *See Owner-Operator Indep. Drivers Ass'n v. New Prime*, Inc., No. 97-3408-CV-S-1, 2002 U.S. Dist. LEXIS 28694, at *5-6 (W.D. Mo. Aug. 2, 2002).

      2.      Tickets Act does not create a private right of action

Even if the Tickets Act had been in effect at the time of this incident, Plaintiffs still could not recover because the Tickets Act is part of the Federal Aviation Act ("FAA"), 49 U.S.C. §

40101 *et seq.*, which does not provide for a private right of action. The FAA and its implementing regulations, including 14 CFR 250, do not create a private right of action. *Randel v. Parkland Homeowners Ass'n*, No. 18-cv-00804-MEH, 2018 U.S. Dist. LEXIS 195015, at *13-15 (D. Colo. Nov. 15, 2018); *Shapiro v. Lundahl*, No. 16-cv-06444-MEJ, 2017 U.S. Dist. LEXIS 71529, at *3 (N.D. Cal. May 10, 2017) ("The Ninth Circuit has concluded, repeatedly and without equivocation, that the [FAA] does not create a private right of action.").

The FAA is a detailed statute that governs civil aviation within the jurisdiction of the United States. It establishes an extensive scheme of administrative enforcement complete with civil and criminal penalties, on-going regulation, and agency power to seek enforcement of the Act through injunctive relief, and it does not create a private right of action. *Randel,* 2018 U.S. Dist. LEXIS 195015, at *13-15 (quoting *Anderson v. USAir, Inc*., 818 F.2d 49, 55, (D.C. Cir. 1987)). Passengers must look to the administrative agency responsible for the enforcement of these provisions for relief, not the courts. *Randel*, 2018 U.S. Dist. LEXIS 195015, at *13-15, (citing *Montauk-Caribbean Airways, Inc. v. Hope*, 784 F.2d 91, 97-98 (2d Cir. 1986)); *see also Saegusa-Beecroft v. Hawaiian Airlines, Inc*., No. 18-00384 HG-KJM, 2019 U.S. Dist. LEXIS 63766, at *10 (D. Haw. Apr. 12, 2019) ("The Act does not create a private right of action for personal injuries during air travel.")

The FAA is the implementing statute for the Federal Aviation Regulations, or FARs, which are rules prescribed by the Federal Aviation Administration governing all aviation activities in the United States. *Sikkelee v. Precision Airmotive Corp*., 822 F.3d 680, 684 (3d Cir. 2016). The FARs are part of Title 14 of the Code of Federal Regulations (CFR), which includes the regulation relied upon by Plaintiffs in Count II: 14 CFR 250. The FAA does not provide for a private right of action for violations of FARs. *Puterbaugh v. Airtran Airways*,

494 F. Supp. 2d 597, 603 (S.D. Ohio 2003). And the FARs do not themselves create a private right of action. *See G.S. Rasmussen & Associates, Inc. v. Kalitta Flying Service, Inc.,* 958 F.2d 896, 902 (9th Cir. 1992), *cert. denied,* 508 U.S. 959 (1993) (declining to find an implied right of action in federal aviation regulations where FAA itself contained no private right of action); *S.M.N. v. Hageland Aviation Servs.*, No. 4:10-cv-0031-RRB, 2011 U.S. Dist. LEXIS 2857, at *5 (D. Alaska Jan. 11, 2011) ("[I]t is clear that [14 CFR 91.13] does not create a cause of action.")

Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6), Frontier requests that this Court dismiss Count II of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

**C.      Count III – Negligence, Manner of Removal from Plane**

In Count III, Plaintiffs bring a "negligent removal from the plane" claim. (Exhibit A at ¶¶ 166-170.) Plaintiffs allege that Frontier breached its duty to Plaintiffs by callously and cruelly removing them from their flight and depriving them of their family vacation. *Id.* at ¶ 168. Plaintiffs claim they suffered monetary damages, inconvenience, embarrassment, and emotional distress. *Id.* at ¶ 170. Plaintiffs do not allege any physical injuries. *Id.*

Although Count III is titled "Negligence, Manner of Removal from Plane," it is not clear what theory of liability is being asserted in this count. To the extent Plaintiffs are alleging breach of contract, such claim would be duplicative of their breach of contract claim in Count VI. To the extent Plaintiffs are alleging false imprisonment, such claim would be duplicative of their false imprisonment claim in Count V.

To the extent Plaintiffs intended to plead negligent infliction of emotional distress, such claim fails because they have not pleaded sufficient facts to establish a viable claim under such a theory. The tort of negligent infliction of emotional distress is a negligence action. The general

elements of a negligence action are 1) a legal duty of the defendant to protect the plaintiff from injury, 2) breach of the duty, 3) proximate cause and 4) injury to the plaintiff. *Pendergist v. Pendergrass*, 961 S.W.2d 919, 923 (Mo. App. W.D. 1998). Claims seeking recovery of damages for negligent infliction of emotional distress require proof of two additional elements: 1) that the defendant should have realized that its conduct involved an unreasonable risk of causing distress, and 2) that the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant. *Gordon v. City of Kansas City, Mo.*, 241 F.3d 997, 1004 (8th Cir. 2001).

Here, Plaintiffs allege no facts to establish that Frontier breached a duty of care or that Plaintiffs suffered any injuries as a result of the alleged breach of duty. (Exhibit A at ¶¶ 166-170.) Plaintiffs simply allege that as a result of the aircraft lacking enough oxygen masks to permit Syed and Branch to sit next to each other with their two children positioned on their laps, Frontier agents told them to collect their personal belongings and follow a flight attendant off the aircraft. (Exhibit A at ¶¶ 53, 54, 73, 74, 75, 76, 81, 83, 84, 116.) They were also allegedly told they were being removed because passengers and flight attendants felt uncomfortable with Plaintiffs being on the aircraft. *Id.* Such allegations do not establish that Frontier breached any standard of care, proximately caused any injuries, should have realized that its conduct involved an unreasonable risk of causing distress, or that medically diagnosable emotional distress or mental injury was suffered and that it is of sufficient severity so as to be medically significant. *Gordon,* 241 F.3d at 1004. At most, Plaintiffs are claiming they were annoyed by not being immediately apprised of the reason for their removal from the aircraft. (Exhibit A at ¶¶ 53, 54, 56, 57, 62, 64, 66, 67, 68, 69, 74, 76, 78, 81, 83, 85.) Being annoyed, however, is not actionable under the law. Therefore, this Court should dismiss Count III because it fails to state a claim

upon which relief can be granted.

### D.   Count IV – Intentional Removal from Plane

In Count IV, Plaintiffs allege that Frontier should be held liable because there was no justification for their intentional removal from the aircraft. (Exhibit A at ¶¶ 171-176.) To the extent Plaintiffs are alleging breach of contract, such claim is duplicative of their breach of contract claim in Count VI. To the extent Plaintiffs are alleging false imprisonment, such claim is duplicative of their false imprisonment claim in Count V.

To the extent Plaintiffs intended to plead intentional infliction of emotional distress, such claim fails because they have not pleaded facts to establish a viable claim under such a theory. In Missouri, to establish a claim for intentional infliction of emotional distress, a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm. *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997) (citations omitted). The conduct must have been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Id.* The conduct must be intended only to cause extreme emotional distress to the victim. *Id.*

Here, Count IV fails as a matter of law because the allegations merely state the conclusion that Frontier's alleged actions were outrageous, without factually establishing "extreme and outrageous" conduct. Further, Plaintiffs fail to allege any facts which could be construed as fulfilling the intent requirement. *See Bowles v. Apro Int'l Inc.*, No. 4:18CV1869 HEA, 2019 U.S. Dist. LEXIS 117071, at *17-18 (E.D. Mo. July 15, 2019). Lastly, Plaintiffs do not allege that they suffered severe emotional distress that resulted in bodily harm. (Exhibit A at ¶¶ 129-133.) Rather, Plaintiffs claim they suffered "garden variety emotional injuries. *Id.* at ¶¶

132, 151. Accordingly, this Court should dismiss Count IV because it fails to state a claim upon which relief can be granted.

### E.      Count V – False Imprisonment

In Count V, Plaintiffs allege that Frontier, through its employee, locked them in the jetbridge, depriving them of their freedom and liberty. (Exhibit A at ¶¶ 177-182.) The facts alleged by Plaintiffs, however, do not establish the elements of a false imprisonment cause of action. Under Missouri law, "[t]he elements … for false imprisonment are the detention or restraint of one against his will, and the unlawfulness of such detention or restraint." *Fisher v. Wal-Mart Stores, Inc*. 619 F.3d 811, 819 (8th. Cir. 2010).

Here, Plaintiffs allege that while following an agent up the jetbridge toward the terminal, the jetbridge door closed on them, and Branch "pushed on the terminal door but it would not open." (Exhibit A at ¶¶ 177-182.) Plaintiffs called customer service to explain their circumstances and were immediately assisted in opening the jetbridge door. *Id.* at ¶¶ 86-100. Such bare facts do not establish that the door from the jetbridge to the terminal was locked, or that Frontier intentionally detained them on the jetbridge. *See Id.* at ¶¶ 86-100, 177-182. At most, these allegations establish that Plaintiffs failed to push on the push bar positioned across on the middle of the door, which is the mechanism to push open a jetbridge door from the inside, and also failed to simply knock on the door to alert the gate agents of their predicament.

To the extent Plaintiffs could allege facts to establish that the agent intentionally detained or restrained them on the jetbridge, such conduct by the agent would be outside the scope of her employment, and therefore, cannot be imputed to Frontier. *See Stars Inv. Grp., LLC v. At&T Corp.*, No. 4:15CV01370 AGF, 2017 U.S. Dist. LEXIS 26617, at *21-22 (E.D. Mo. Feb. 27, 2017), (citing *Doe v. Roman Catholic Archdiocese of St. Louis*, 347 S.W.3d 588, 592 (Mo. Ct.

App. 2011)) (when an employee commits an intentional tort, it is done solely for his own purpose, not as the employer's agent); *Dibrill v. Normandy Assocs.*, 383 S.W.3d 77, 89-90 (Mo. Ct. App. 2012) (act is outside the course and scope of employment if it arose wholly from some external, independent or personal motive). Therefore, under any circumstances, this Court should dismiss Count V for failing to state a claim upon which relief can be granted.

**F.     Punitive Damages**

Fed. R. Civ. P. 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court "enjoy[s] liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir.2007). "[A] prayer for relief not available under the applicable law, or which asserts a damage claim in excess of the maximum recovery permitted by law, is properly subject to a motion to strike." *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 574 (E.D. Mo.1997) (striking a claim for punitive damages against a municipality because such damages were not permitted by law). *Schmidt v. United Airlines, Inc.*, No. 4:18CV769 HEA, 2019 U.S. Dist. LEXIS 31373, at *15 (E.D. Mo. Feb. 27, 2019)

Under Missouri law, to obtain punitive damages, the plaintiff must show that the defendant "'knew or had reason to know that there was a *high degree of probability* that the action would *result in injury*.'" *Alack v. Vic Tinny Int'l. of Mo., Inc.*, 923 S.W.2d 330, 338 (Mo. 1996). Punitive damages "cannot be collected unless the defendant showed complete indifference to or conscious disregard for the safety of others." *Id.* at 339.

Here, Plaintiffs claim the jetbridge door was closed prior to their reaching the door, and that Branch pushed on the door but it would not open. They further allege that the door was immediately opened after they notified Frontier customer service of their predicament. These

allegations alone, accepted as true, do not contain "sufficient factual matter" to state a claim for punitive damages that is "plausible on its face," as required under *Iqbal*. Therefore, Plaintiffs' demand for punitive damages should be stricken under Fed. R. Civ. P. 12(f)(2).

## IV.    CONCLUSION

Count I through V of Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief may be granted. Plaintiffs' punitive damages allegations should be stricken for failing to allege sufficient facts to state a claim for punitive damages that is plausible on its face.

WHEREFORE, Defendant FRONTIER AIRLINES, INC., prays that this Honorable Court enter an order dismissing Counts I through V pursuant to Fed. R. Civ. P. 12(b)(6), striking Plaintiffs' punitive damages allegations pursuant to Fed. R. Civ. P. 12(f)(2), and for such further relief as this Court deems just and reasonable.

Date: July 30, 2019                                                         Respectfully submitted,

**FRONTIER AIRLINES, INC.**


By: /s/  David C. Berwin
David C. Berwin, Bar No. 55046MO
**EVANS & DIXON, LLC**
Attorney for Defendant
211 North Broadway, 25th Floor
St Louis MO  63102
(314)  552-4046  Tel. No.
(314)  884-4446  Fax No.
dberwin@evans-dixon.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2019, the foregoing instrument was electronically filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system.

/s/  David C. Berwin