UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ASHFAQ HUSSAIN SYED, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:19-cv-02125-AGF |
| ) | |
| FRONTIER AIRLINES, INC., ) | |
| ) | |
| Defendant. ) | |

### ORDER CONCERNING REMOVAL

This matter is before the Court on review of the file following removal.  The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).  "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).

Plaintiffs Ashfaq Hussain Syed; Shelly Renee Branch; and Syed and Branch's infant children, A.M.S. and N.G.S., through next friend, Syed, filed this suit in Missouri state court against Defendant Frontier Airlines, Inc., asserting several state-law claims arising out of their alleged mistreatment by Defendants' employees after Plaintiffs attempted to board a flight from St. Louis, Missouri to Las Vegas, Nevada.  Plaintiffs assert claims alleging negligence, negligence per se, intentional tort related to "intentional removal from plane," false imprisonment, and breach of contract.

According to the complaint, Plaintiffs purchased four one-way tickets for the

flight, departing July 15, 2018, for the total price of $211.40.[1] The purpose of the trip was for Syed and Branch to get married in Las Vegas, with their children accompanying them, and to later visit friends in California. Plaintiffs claim, in short, that a gate agent and other agents employed by Defendant harassed Plaintiffs; informed them, without further explanation, that they could not sit together as a family despite having reserved seat assignments together in advance; removed them from the plane without good cause; and held them in a hot, locked jet bridge for approximately three to ten minutes. Plaintiffs allege that they never received a refund for the tickets, lost the benefits associated with their expected trip, and suffered "garden variety" emotional distress damages. ECF No. 3 ¶¶ 129-133. Plaintiffs' complaint prays for compensatory damages in excess of $25,000, as well as punitive damages and costs.

Defendant was first served with summons and a copy of the complaint on June 13, 2019, and Defendant removed the case to this Court more than 30 days later, on July 23, 2019. Defendant alleges that federal subject-matter jurisdiction is proper under 28 U.S.C. §§ 1332 and 1441. Specifically, Defendant alleges that diversity jurisdiction exists because Plaintiffs are citizens of Missouri; Defendant is a citizen of Colorado, where it is incorporated and has its principal place of business; and "Plaintiffs have stipulated that they seek in excess of $75,000, exclusive of interests and costs, in this lawsuit." ECF No. 1 at 3. Defendant attached said stipulation to its notice of removal, and in it, the parties stipulate that "[a]ll damages actually sought by Plaintiffs for the injuries alleged in their

---

[1] The tickets for A.M.S. and N.G.S. were free of charge because the children were under two years old at the time and were expected to sit on their parents' laps.

2

Complaint exceed the sum or value of $75,000, exclusive of interest and costs . . . ." ECF No. 1-1 at 26.

With respect to the timeliness of removal, Defendant alleges that "the initial pleading was not removable" because the complaint "[did] not state whether Plaintiffs seek to recover in excess of $75,000, exclusive of interest and costs." ECF No. 1 at 2. However, Defendant alleges that the parties' stipulation regarding damages, executed on June 24, 2019, "is specific evidence which serves to clarify Plaintiffs' demands," and that the notice of removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because it was filed within 30 days after the execution of the stipulation.

## **DISCUSSION**

Under 28 U.S.C. § 1441, a civil case filed in state court may be removed to a federal district court if the district court had original jurisdiction over the action. Federal district courts have diversity jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a)(1). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *Cent. Iowa Power Co-op v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015) (citation omitted).

Although Defendant has plausibly pleaded that there is diversity of citizenship between the parties, the same is not true for the amount in controversy required for

3

diversity jurisdiction. As Defendant acknowledges, Plaintiffs' complaint did not state whether Plaintiffs sought to recover in excess of $75,000. "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014); *see also* 28 U.S.C. § 1446(c)(2)(a).

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 549, 553. When the court or the opposing party questions the defendant's allegation, "[e]vidence establishing the amount is required by § 1446(c)(2)(B)." *Id.* at 554; *see also Byrd v. TVI, Inc.*, No. 4:15 CV 1439 CDP, 2015 WL 5568454, at *4 (E.D. Mo. Sept. 21, 2015). In that case, the burden on the defendant is to establish the amount "by the preponderance of the evidence," 28 U.S.C. § 1446(c)(2)(B), meaning that "a defendant must demonstrate by sufficient proof that a plaintiff's verdict reasonably may exceed the jurisdictional amount." *City of Univ. City, Mo .v. AT&T Wireless Servs., Inc.*, 229 F. Supp. 2d 927, 932 (E.D. Mo. 2002) (citation omitted). "The relevant jurisdictional fact when determining the amount in controversy is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Faltermeier v. FCA US LLC*, 899 F.3d 617, 621 (8th Cir. 2018) (citation omitted).

Here, Defendant's allegations as to the amount in controversy are insufficient. Defendant relies primarily on Plaintiffs' stipulation that the damages they seek exceed $75,000. But such an agreement between the parties cannot confer subject-matter

4

jurisdiction.² *See, e.g.*, *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011) ("[C]onsent alone cannot confer subject matter jurisdiction . . . ."); *see also Naji v. Lincoln*, 665 F. App'x 397, 401 (6th Cir. 2016) (disregarding the parties' agreed-upon attestation that the plaintiffs' injuries "exceed the jurisdictional amount of $75,000" because "[a]greement between the parties cannot confer subject-matter jurisdiction"); *Gabriel v. Mitsubishi Motor Sales of Am., Inc.*, 976 F. Supp. 1154, 1156 (N.D. Ill. 1997).

Aside from the stipulation, the notice of removal merely recites the allegations in the complaint in support of its assertion that the amount in controversy exceeds $75,000. But the facts alleged in Plaintiffs' complaint, alone, do not provide an adequate foundation for Defendant's amount-in-controversy allegation. There is nothing in the complaint to suggest that the minimal cost of the tickets, lost benefit of a family trip, or unspecified garden variety emotional distress and other injuries could total $75,000 in actual damages.³ Indeed, Defendant relies on the inadequacy of Plaintiffs' damages

---

² Defendant appears to rely on caselaw providing that "a plaintiff seeking remand may clarify his damages by entering a binding stipulation that he will not seek or accept damages in excess of $75,000, exclusive of interest and costs," *Mitchell v. Gov't Employees Ins. Co.*, No. 4:19 CV 868 RWS, 2019 WL 1755854, at *1 (E.D. Mo. Apr. 19, 2019). But here, by contrast, the parties are attempting to confer subject-matter jurisdiction by the stipulation alone, where neither the complaint nor the notice of removal plausibly alleges that the amount in controversy exceeds $75,000. Defendant has not cited, and the Court has not found, any caselaw holding that the amount-in-controversy requirement may be satisfied by such a stipulation.

³ Although punitive damages are included in the jurisdictional amount where they are recoverable, "when determining the amount in controversy, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994). Even assuming that punitive damages are recoverable here, the Court questions whether a fact finder could legally award punitive damages in the amount necessary to meet the jurisdictional minimum. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408,

5

allegations to assert that the initial pleading was not removable and that Defendant's July 23, 2019 notice of removal was thus timely.

Therefore, the Court will grant Defendant seven days to file a separate memorandum in support of its notice of removal, including citation to supporting authorities or evidence, to establish the existence of the jurisdictional amount in controversy.  Plaintiffs shall have an opportunity to respond.  Defendant's failure to timely and fully comply with this Order will result in the remand of this case for lack of subject-matter jurisdiction.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **seven days** from the date of this Order, Defendant shall file a memorandum in support of its notice of removal that includes specific facts or evidence to establish by a preponderance of the evidence that an amount in excess of $75,000 is actually in controversy.

**IT IS FURTHER ORDERED** that Plaintiffs may file a response no later than **seven days** after the memorandum is filed.  No further briefing will be permitted.

_____<br>
AUDREY G. FLEISSIG<br>
UNITED STATES DISTRICT JUDGE

Dated this 14th day of August, 2019.

---

410 (2003) ("[I]n practice, few awards exceeding a single-digit ratio between punitive and compensatory damages will satisfy due process.").